UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-14280-CIV-GRAHAM
MAGISTRATE JUDGE P. A. WHITE

WILLIAM WACHTER,                :

    Plaintiff,            :

v.                              :           PRELIMINARY REPORT
                                                      OF MAGISTRATE JUDGE
J. HARRIS, ET AL.,              :

    Defendants.           :
_____

## I.  Introduction

The plaintiff William Wachter, currently incarcerated at the Okaloosa Correctional Institution ("MCI"), has filed a pro se civil rights complaint pursuant to 42 U.S.C. §1983 concerning events that transpired when he was incarcerated at the Okeechobee Correctional Institution ("OCI").  [DE# 1]. The plaintiff has paid the full filing fee.

This cause is presently before the Court for initial screening pursuant to 28 U.S.C. §1915A.

## II.  Analysis

Pursuant to 28 U.S.C. §1915A, this Court must review all civil complaints in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  See In re Prison Litigation Reform Act, 105 F.3d 1131, 1134 (6 Cir. 1997) (noting that "[d]istrict courts are required to screen [pursuant to section 1915A] all civil cases brought by prisoners, regardless of whether the inmate paid the full filing fee, is a pauper, is pro se, or is represented by counsel, as the statute does not

differentiate between civil actions brought by prisoners"). This statute provides, in relevant part:

> Sec. 1915A. Screening
>
> (a) Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) Grounds for Dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint if the complaint-
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.
>
> ©) Definition.--As used in this section, the term prisoner means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program.

The standard for determining whether a complaint states a claim upon which relief may be granted is the same whether under 28 U.S.C. §1915A or Fed.R.Civ.P. 12(b)(6) or ©). See Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). When reviewing complaints pursuant to 28 U.S.C. §1915A, the Court must apply the standard of review set forth in Fed.R.Civ.P. 12(b)(6), and the Court must accept as true the factual allegations in the complaint and all reasonable

inferences that can be drawn therefrom.  In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States. Whitehorn v. Harrelson, 758 F.2d 1416, 1419 (11 Cir. 1985).  Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."' Estelle v. Gamble, 429 U.S. 97, 106 (1976) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

    The plaintiff names the following defendants:

1. Crosby, Secretary, Florida Department of Corrections
2. OCI Officer J. Harris
3. OCI Officer Monterro
4. OCI Warden Ellis

    The plaintiff alleges that on January 21, 2005 Harris and Monterro started to escort the plaintiff from his cell to medical, and the plaintiff informed them that the ankle restraints were too tight and the plaintiff could not walk.  He states that Harris and Montero refused to loosen the restraints, and when the plaintiff refused to walk they returned him to his cell.  Three hours later, Harris and Montero returned to the plaintiff's cell and placed him restraints.  At that time, they started making verbal comments and threats, such as calling him "snitch" and "fuck boy" and threatening to "slap the shit" out of him.  The plaintiff states that when he was out of view of the security camera, Harris punched him in the back of the head and smashed his face into a doorframe. Subsequently, the plaintiff received an allegedly false

3

disciplinary report concerning the incident and was placed on close management.

The plaintiff alleges that Harris violated his Eighth Amendment rights by engaging in excessive force; Monterro violated his Eighth Amendment rights by failing to intervene to stop the use of excessive force; Monterro violated his right to due process by failing to provide an accurate portrayal of the events in connection with the investigation of the disciplinary report; and Ellis and Crosby failed to properly train their subordinates. The plaintiff seeks monetary damages and other relief.

### Use of Force

Claims of excessive force by corrections officers are cognizable under 42 U.S.C. §1983, as are claims that officers who were present failed to intervene. <u>Fundiller v. City of Cooper City</u>, 777 F.2d 1436 (11 Cir. 1985). The plaintiff has alleged sufficient facts to state a claim for relief against Harris and Monterro regarding the alleged use of excessive force. The plaintiff alleges that Harris punched him, causing injury to his head and face, and Monterro failed to intervene.

### Due Process Claim

The plaintiff alleges that Monterro violated his right to due process in connection with his disciplinary report investigation.

The plaintiff has stated no due process claim based on any improprieties in his disciplinary proceedings. The plaintiff states that he was placed on "close management," which may be a classification change. The plaintiff does not allege that he spent any time in disciplinary confinement or that he lost any gain time.

A prisoner, "who has already been deprived of liberty, can be deprived further of his liberty, such that due process is required, when (1) a change in the prisoner's conditions of confinement is so severe that it essentially exceeds the sentence imposed by the court, or (2) when the government has consistently bestowed a certain benefit to prisoners, usually through statute or administrative policy, and the deprivation of that benefit imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. Kirby v. Siegelman, 195 F.3d 1285, 1290-91 (11 Cir. 1999); Thomas v. Warner, 2007 WL 1600050 (11 Cir. June 05, 2007). The plaintiff's placement on close management was not an excessive, atypical or significant hardship that would implicate the Due Process Clause. See Sandin v. Conner, 515 U.S. 472 (1995); Rodgers v. Singletary, 142 F.3d 1252, 1253 (11 Cir. 1998). The plaintiff's due process claim should therefore be dismissed.

Defendants Ellis and Crosby, Secretary, Department of Corrections

The plaintiff has not raised any claims of wrongdoing against the Department of Corrections Secretary or Warden Ellis. It appears that he seeks to include these individuals as defendants in this action because they hold supervisory positions. This he cannot do. Public officials in supervisory positions cannot simply be held vicariously liable for the acts of their subordinates. Robertson v. Sichel, 127 U.S. 507 (1888); Byrd v. Clark, 783 F.2d 1002, 1008 (11 Cir. 1986). Nor can liability be predicated solely upon the doctrine of respondeat superior in a §1983 action. Monell v. Department of Social Services, 436 U.S. 658 (1978); Vineyard v. County of Murray, Georgia, 990 F.2d 1207 (11 Cir. 1993).

Further, under appropriate circumstances the failure to adequately train may give rise to a claim cognizable under §1983,

5

see City of Canton, Ohio v. Harris, 489 U.S. 378 (1989).  Mere conclusory allegations of failure to train, however, are not enough; and the courts have generally held that there is no affirmative constitutional duty on the part of a supervising public official to train, supervise, or discipline subordinates so as to prevent constitutional torts, except where the supervisor has contemporaneous knowledge of an offending incident or knowledge of a prior pattern of similar incidents, and circumstances under which the supervisor's inaction could be found to have communicated a message of approval to the offending subordinate. See Chinchello v. Fenton, 805 F.2d 126, 133-34 (3 Cir. 1986).  The Eleventh Circuit has held that nothing less than a showing of gross negligence is required to establish liability for inadequate training. Cannon v. Taylor, 782 F.2d 947, 951 (11 Cir. 1986).

Moreover, the courts have required that the plaintiff must "identify a deficiency in a training program closely related to the injury complained of and must further show that the injury would have been avoided 'under a program that was not deficient in the identified respect.'" Gordon v. Kidd, 971 F.2d 1087, 1097 (4 Cir. 1992) (quoting City of Canton, supra, 489 U.S. at 391).  Finally, in order to recover on a claim of failure to train, the plaintiff must show 1) that the [supervisor] failed to train, 2) that a causal connection existed between the failure to supervise or train and the violation of the plaintiff's rights, and 3) that such failure to supervise or train amounted to gross negligence or deliberate indifference. Hinshaw v. Doffer, 785 F.2d 1260, 1263 (5 Cir. 1986).

The plaintiff has not satisfied these requirements because he raises only unsupported and conclusory allegations of failure to train, which is insufficient to state a constitutional claim.  The plaintiff does not allege facts that tend to show that there was

any gross negligence or deliberate indifference on the part of either Ellis or Crosby that resulted in any deprivation of constitutional rights.

### III.   Conclusion

It is therefore recommended as follows:

1.  The claims against defendants Harris and Monterro remain pending.

2.  The defendants Ellis and Crosby be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

It is so recommended at Miami, Florida, this 15th day of November, 2007.

_____
UNITED STATES MAGISTRATE JUDGE

cc:  William Wachter, Pro Se
DC# 485669
Okaloosa Correctional Institution
3189 Little Silver Road
Crest view, FL 32539-6708