```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 07-14280-CIV-GRAHAM
                              MAGISTRATE JUDGE P. A. WHITE
```

WILLIAM WACHTER,                :

    Plaintiff,          :

v.                              :     REPORT OF
                                                                   MAGISTRATE JUDGE
J. HARRIS, ET AL.,              :

    Defendants.         :
_____

     On March 5, 2009, the plaintiff William Wachter, a state prisoner confined at the Okaloosa Correctional Institution, filed a pro se Motion for an Injunction/Restraining Order and Motion for Appointment of Counsel. [DE# 57]. In the Motion, the plaintiff claims that Okaloosa correctional officers have harassed him in retaliation for filing this lawsuit against Okeechobee Correctional Institution officers by searching his cell and confiscating his legal papers. The plaintiff seeks an Order directing the FDOC to refrain from harassing him or retaliating against him.

     The Court must construe the Motion for Injunction liberally because the plaintiff is a pro se litigant. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972). For the reasons stated below, the Motion for Preliminary Injunction should be denied.

     In general, to prevail on a motion for a preliminary injunction, the moving party must establish: (1) a substantial likelihood of prevailing on the merits; (2) irreparable injury unless the injunction issues; (3) the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party; and (4) the injunction would not be adverse to the public interest. United States v. Jefferson County, 720 F.2d 1511, 1519 (11 Cir. 1983).

Assuming that the plaintiff's allegations are true, the plaintiff has not proffered sufficient facts to suggest that he is entitled to this extraordinary relief. The plaintiff has not adequately shown any indication of immediate, irreparable harm.

Further, if this Court were to grant the requested relief, it would be impossible to administer because the plaintiff is seeking a restraining order against alleged future retaliation. He is asking this Court to prevent persons from doing acts that are entirely speculative in nature, without any basis whatsoever for the speculation.

If the plaintiff desires to pursue a civil action against corrections officials based on allegations of retaliation for exercising his constitutional rights, he may do so by filing a civil action against those individuals who have allegedly violated his rights, in the proper federal court.

It is therefore recommended that the Motion for Injunction [DE# 57] be denied.[1]

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

It is so recommended at Miami, Florida, this 10th day of March, 2009.

                                             _____
                                             UNITED STATES MAGISTRATE JUDGE

cc:   William Wachter, Pro Se

---

[1] The Motion for Appointment of Counsel has been denied in a separate order.

```
DC# 485669
Okaloosa Correctional Institution
3189 Little Silver Road
Crestview, FL 32539-6708

Kathleen M. Savor, Esq.
Assistant Attorney General
OFFICE OF THE ATTORNEY GENERAL
110 S.E. 6th Street, 10th Floor
Fort Lauderdale, FL 33301
```